UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WINDSOR DENNIS | CIVIL ACTION |
| VERSUS | NO. 10-795 |
| ALLSTATE INSURANCE COMPANY | SECTION "L" (2) |

ORDER & REASONS

Currently pending before this Court is Defendant's Motion for Summary Judgment (Rec. Doc. No. 12). Oral argument was heard on this matter on July 28, 2010 and the Court DENIED the motion with written reasons to follow. The following reasons explain why the motion was denied.

I. BACKGROUND

This case arises out of fire damage to Plaintiff's home at 4900 Bancroft, New Orleans, Louisiana, on February 11, 2009. The New Orleans Fire Department Incident Report suspected arson. Plaintiff submitted a claim under his insurance policy with Defendant Allstate. He gave an unsworn, recorded statement immediately after the fire and allowed Allstate full access to the property. Allstate reviewed the claim and hired contractors to clean, salvage, demolish and renovate Plaintiff's house.

Allstate has already paid $468,235 in expenses associated with Plaintiff's claim. On May 29, 2009, Plaintiff's former attorney sent a written demand to Allstate to cease and desist all work being performed at the house and refrain from entering the property. The letter alleged that Allstate colluded with contractors to defraud Plaintiff. On July 13, 2009, Plaintiff filed a petition for a writ of injunction in state court alleging Allstate committed fraud. The state court denied

1

the writ.

Since the time of the May 29, 2009 letter from Plaintiff's former counsel, Allstate has not completed any work on or made any payments toward Plaintiff's property. Allstate reopened their investigation into the claim as a result of the cease and desist letter as well as information they received from the Government. On June 2, 2009, shortly after the cease and desist letter was delivered, Allstate was contacted by the United States Postal Service Office of Inspector General and learned that Plaintiff was being investigated for healthcare fraud. The Inspector informed Allstate that he believed the fire was used as a cover up to deny the government medical records being sought in relation to the healthcare fraud case they were building against Plaintiff.

When Allstate re-opened their investigation, they demanded Plaintiff appear for an Examination Under Oath (EUO) pursuant to the terms and conditions of the insurance policy, and that Plaintiff produce his brother and daughter, who were members of the household, for additional EUOs. Allstate also requested Plaintiff produce certain documents that are customarily required.

Plaintiff's policy states:

SECTION I CONDITIONS

3. What You Must Do After A Loss. In the event of a loss to any property that may be covered by this policy, you must:

> d) give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies
>
> f) as often as we reasonably require
>
> > 2) at our request, submit to examinations under oath, separately and apart

2

> from any other person defined as you or insured person and sign a transcript of the same,
>
> 3) produce representatives, employees, members of the insured's household or others to the extent it is within the insured person's power to do so.[1]

Allstate sent multiple letters of demand to the Plaintiff over a seven month period but neither Plaintiff nor the other insured individuals ever appeared for an EUO. Plaintiff argues that he did not submit to an EUO during this time period because he was under criminal investigation. Allstate ceased making demands on February 24, 2010 when they were served in this matter.

This case was removed from Civil District Court for the Parish of New Orleans on March 4, 2010 by Defendant Allstate.

## II. Defendant's Motion for Summary Judgment

Allstate has filed a motion for summary judgment arguing that Plaintiff's failure to comply with a condition precedent under his insurance policy (i.e. failing to submit to an EUO and failing to produce documents) prevents him from maintaining a claim for loss under the policy. Plaintiff responds that his refusal to submit to an EUO was justified because he was defending against criminal charges at the time and participating in an EUO would have violated his right against self-incrimination. Further, Plaintiff argues that he submitted to questioning by Allstate claims adjuster Randy Ryan and gave an oral statement to Allstate at the time of the incident. Finally, Plaintiff is willing and ready to be deposed by Allstate at this time. Plaintiff asserts that Allstate was not prejudiced and his case should not be summarily dismissed.

---

[1] Rec. Doc. No. 12 - 4, at 46 (Exhibit A).

**III. Law and Analysis**

   **a. Summary Judgment Standard**

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249 - 50 (citations omitted).

   **b. Plaintiff's Failure to Submit to an EUO**

Allstate argues that Plaintiff's failure to submit to an EOU from August 2009 through February 2010 is a material breach of the above cited insurance contract and as such Plaintiff may not bring a claim for damages under the policy.[2] As mentioned above, Plaintiff responds that he did not submit to questioning during that time period because he was the subject of a criminal investigation. The charges Plaintiff was facing involved healthcare fraud and included suspicions that he committed arson to destroy documents related to the fraud. The EUO would almost certainly have covered topics related to the criminal investigation.

Plaintiff was indicted in January 2010 and pled guilty in March 2010. He is now willing to give a deposition under oath. Further, he already gave an oral statement to Allstate on February 13, 2009, only two days after the fire and fully participated in providing access to his home and documents prior to August 2009. In fact, Allstate was clearly satisfied with the information they received from Plaintiff originally because they began repairs on his home and made payments to him under his policy totaling $468,235.

As a general rule, whether a cooperation clause has been breached is a question of fact rooted in the circumstances of each case. *Copeline v. State Farm Ins.*, No. 06-4115, 2009 WL 361088, at *5 (E.D. La. Feb. 12, 2009) (citing *Freyou v. Marquette Cas. Co.,* 149 So.2d 697, 699 (La. Ct. App. 1963)). "[A] cooperation clause is emphatically not an escape hatch that an insurer may use to flee from liability...An insurer who hopes to prove an insured's noncompliance with a cooperation clause therefore faces a considerable burden, especially on

---

[2]Allstate also alleges that Plaintiff failed to submit documents and deliver his brother and daughter to Allstate for EOUs. However, Allstate provides no information as to what documents Plaintiff failed to submit, and no evidence that it was within Plaintiff's power to produce other individuals for an EUO. Thus, the Court need not consider such arguments as they are completely unsupported.

summary judgment." *Jackson v. State Farm Fire and Casualty Co.,* No. 06-7202, 2010 WL 724108, at *8 (E.D. La. Feb. 2, 2010).

Defendant argues that failure to submit to an EUO is dispositive and that the Defendant need not show prejudice. Defendant cites two Fifth Circuit cases for the proposition that "where a policy expressly conditions coverage on a policyholder's compliance with his post loss duties, an insurer is not required to show prejudice from a failure of a condition precedent."[3] *See Auster Oil & Gas, Inc. v. Stream,* 891 F.2d 570, 576 & n.7 (5th Cir. 1990); *MGIC Indemnity Corp. v. Cent. Bank,* 838 F.2d 1382, 1385-86 (5th Cir. 1988). However these cases expressly deal with notice requirements of insurance policies. Louisiana cases dealing with cooperation clauses support a different result.

Several Louisiana appellate courts have held "for coverage to be excluded for an insured's violation of an insurance policy's cooperation clause, the breach on the part of the insured must be both material and prejudicial to the insurer" *Williams v. Lowe*, 02-355 (La. App. 5 Cir. 10/16/02); 831 So.2d 334 (citing *Desadier v. Safeway Ins. Co.*, 97-1412 (La. App. 3 Cir. 4/8/98); 712 So.2d 925. *See also Trosclair v. CNA Ins. Co.,* 93-1741(La.App.4. 5/17/94); 637 So.2d 1168 ("[I]n a motion for summary judgment where coverage is denied because of either failure to give timely notice or refusal to cooperate, the central question is whether there is prejudice to the insurer.") This district has embraced those decisions. *See Jackson,* 2010 WL 724108, at *8 ("[T]he law is clear that the breach of a cooperation clause must be material and prejudicial before an insurer may be relieved of liability." *Id.*); *Mosadegh v. State Farm Fire and Casualty Co.*, No. 07-4427, 2008 WL 4544361, at *4 (E.D. La. Oct. 8, 2008) ("The [Insurer]

---

[3] Rec. Doc. No. 12-1, at 22.

Defendant must...show that is has been prejudiced by the failure of the plaintiffs to submit to examinations under oath." *Id.* at *4) (citing *Trosclair,* 637 So.2d at 1170).

To be sure, there will be some circumstances in which prejudice resulting from Plaintiff's lack of compliance is so clear, that summary judgment is appropriate. *See Mosadegh,* 2008 WL 4544361, at *4 (holding that an insured plaintiff's failure to submit to an EUO prejudiced the defendant insurance company, and thus summary judgment in favor of the defendant was appropriate.[4]). *See also Lee v. United Fire & Cas. Co.*, 607 So.2d 685, 688 (La.Ct.App. 1992) (granting summary judgment for insurer defendant due to plaintiffs' "protracted, willful, and apparently bad faith refusal to furnish information and documents over a period exceeding one year in contravention of both the policy requirements and rules of discovery ...and five hearings in court."). However, the question of whether Allstate was prejudiced in this instance is pregnant with fact. *See Jackson,* 2010 WL 724108, at *8 ("[B]reach of a cooperation clause is a factually specific inquiry that must be determined on the facts of each case. *Id.* (citing *Freyou v. Marquette Cas. Co.,* 149 So.2d 697, 699 (La. Ct. App. 1963))). Allstate was able to investigate the property and the facts surrounding the fire prior to paying the claim beginning in February of 2009. They did so, they were satisfied, and they began work on Plaintiff's home. It was not until May of 2009 at the earliest that Allstate ceased performing repairs and reopened their own investigation. While it is true that Plaintiff did not submit to an EUO between June 2009 and

---

[4]The district court was careful to qualify its grant of summary judgment by noting that the plaintiff presently did not stand ready and willing to submit to a deposition and had no reasonable explanation for her failure to cooperate originally. *Mosadegh*, 2008 WL 4544361, at *4. In the instant case, the Plaintiff has put forth reasons for failure to comply and is now willing to submit to a deposition.

February 2010, it is not clear that this prejudiced Allstate.  Particularly where Plaintiff is now ready and able to be deposed.  Either way, it is a question appropriate for a jury.

Further, while Defendant is correct that there are no Fifth Amendment implications present, there is support  for Plaintiff's argument that an EUO may be deferred for a period of time because the policy holder had a reasonable explanation for their failure to comply.  *See Wright v. Allstate Insurance Co.* No. 06-0485, 2006 WL 3524030 (W.D. La. Dec. 5, 2006) (denying summary judgment motion brought by Allstate against a plaintiff who refused to submit to an EUO without an attorney present where she understood that Allstate was investigating arson and her testimony could have criminal implications).  *See also Southern Mutual Insurance Co. v. Mason, et al.,* 445 S.E.2d 569 (Ga. Ct. App.1994) (denying summary judgment brought by an insurance company against a plaintiff who refused to submit to an EUO while criminal charges were pending against him).

## IV.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion for Summary Judgment is hereby DENIED (Rec. Doc. No. 12).

New Orleans, Louisiana, this 20th day of August,  2010.

_____
UNITED STATES DISTRICT JUDGE