MINUTE ENTRY
WILKINSON, M. J.
MAY 30, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. WINDSOR DENNIS     CIVIL ACTION

VERSUS     NO. 10-795

ALLSTATE INSURANCE COMPANY     SECTION "H" (2)

# HEARING AND ORDER ON MOTION

APPEARANCES: Brian Meissner, representing plaintiff; Robert Caraway, representing defendant

MOTION: Defendant's Motion for Rehearing and Reconsideration of Allstate's Motion to Compel Responses to Discovery, Record Doc. No. 127

O R D E R E D:

 XXX : DENIED. This discovery is irrelevant to the claims and/or defenses asserted in this case. It does not address what debts plaintiff might owe. Instead, it addresses what payments he has already made. Even if the requests have some tangential relevance to the "subject matter" in this case, defendant has failed to establish "good cause" as required by Fed. R. Civ. P. 26(b)(1) to expand the scope of discovery to include the information sought in these requests, which include a fifth [and possibly excessive, Fed. R. Civ. P. 33(a)(1), Local Rule 33.1] set of defense interrogatories. A full and fair opportunity to conduct discovery concerning plaintiff's debts as an alleged financial motive to commit arson has already been provided through the two-day deposition of plaintiff and the substantial written discovery already undertaken by defendant. Thus, the subject interrogatories and requests for production should also be prohibited for all of the reasons set out in Fed. R. Civ. P. 26(b)(2)(C); specifically, (i) the discovery is "unreasonably cumulative or duplicative," (ii) defendant has already "had ample opportunity to obtain this information by [other] discovery in the action," and (iii) its burden outweighs its likely benefit to the case.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

MJSTAR: 0 : 35